UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN LEE DAVIS,<br><br>        Petitioner,<br><br>v.<br><br>MARION SPEARMAN, WARDEN,<br><br>        Respondent. | CASE NO. 1:15-cv-01869-LJO-SKO HC<br><br>ORDER DENYING PETITIONER'S REQUEST FOR DISCOVERY<br><br>(Doc. 24) |

      On May 9, 2016, Petitioner mailed a motion in which he moved for discovery of (1) telephone calls made from the jail to a specific number on ten different dates; (2) discovery of all telephone calls including the so-called "12 missing phone calls"; (3) copies of a confession and associated police reports; and (4) the supplemental police report to which the parole board referred in Exhibit K of the parole revocation hearing. Petitioner does not articulate any reason for his request beyond asserting that the requests are legitimate evidentiary requests.

      "Habeas petitioners are not routinely entitled to discovery." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The discovery provisions of the Federal Rules of Civil Procedure do not generally apply in habeas cases. *Harris v. Nelson*, 394 U.S. 286, 295 (1969). *See* Rule 6(a) of the Rules Governing § 2254 Cases ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery"). In the absence of any articulated reason for the discovery request, Petitioner cannot be said to have established good cause.

Respondent has already filed the state court record in this case. "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Accordingly, the motion for discovery is hereby DENIED.

IT IS SO ORDERED.

Dated:   **May 17, 2016**                              /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE